SAMUEL W. MORGAN v. W. L. SPEIGHT.

(Filed 21 September, 1955.)

**Contracts § 26—**

> Allegations to the effect that plaintiff, owning a part of an island, granted permission to the owner of the other part of the island to use a strip of plaintiff's land for the purpose of depositing material dredged from the adjoining bay, which would greatly increase the value of plaintiff's land, and that defendant, a stranger to the agreement, prevented the deposit of the dredged material on plaintiff's land by threatening, without right, to restrain such operation, *is held* insufficient to show that plaintiff had an enforceable contract, and demurrer was properly sustained.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

STATE v. MILLS.

APPEAL by plaintiff from *Bone, J.*, at May Term 1955, of CRAVEN.

*George B. Riddle, Jr., for Plaintiff Appellant.*
*Barden, Stith & McCotter for Defendant Appellee.*

PER CURIAM. Plaintiff instituted this action to recover damages for wrongful interference with contract.

The material allegations of the complaint, briefly stated, were that plaintiff owned land on Radio Island, lying between Morehead City and Beaufort, in Carteret County; that Aviation Fuel Terminal, Inc., owned land on west side of said Island; that Aviation Fuel Terminal contracted with Bryan Construction Company to dredge a channel in waters adjoining its land; and that plaintiff gave permission to Aviation Fuel Terminal and the Construction Company to use a strip of his land for the purpose of depositing dredged material in a bay adjoining plaintiff's land, which would have greatly increased the value of his land. He further alleged that defendant, having no right to do so, advised the Construction Company if it proceeded to build up plaintiff's land with dredged material he would sue to restrain the operation. In consequence the company changed its plans and deposited the material elsewhere.

Defendant demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action, for that it appeared from the complaint that plaintiff had no enforceable contract.

The court sustained the demurrer, and in this ruling we concur.

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.