EARL J. FOWLER v. NATIONWIDE INSURANCE COMPANY, WILLIAM R. EASTRIDGE AND MAX WILSON.

(Filed 21 March, 1962.)

1. **Contracts § 31—**
    A wrongful interference by a third person with a contract for personal services gives rise to a cause of action in favor of a party to the contract.

2. **Same; Contracts § 19; Attorney and Client § 7— Execution of new contract in regard to entire subject matter constitutes novation.**
    Plaintiff attorney's evidence was to the effect that he had a contract with an injured person to collect compensation for the injuries, that defendant insurer, its agent, and its appraiser, induced the injured person to breach the contract, and that upon her request as to the amount owing for services theretofore rendered, plaintiff named a sum and gave her a release upon payment of such amount. Plaintiff's evidence further disclosed that thereafter the injured party told plaintiff what had transpired, and made a new contract with plaintiff identical with the original, and that plaintiff then instituted suit for the injured party, obtained a settlement and received his contractual portion of the sum paid. *Held:* The execution of the second contract constituted a novation and substituted the new contract for the old, and therefore plaintiff may not maintain any action against defendants for wrongfully inducing the injured party to breach the original contract.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *McLean, J.,* August 1961 Term of BUNCOMBE.

Plaintiff seeks damages because of the alleged tortious conduct of defendants in procuring Shirley Jo Whitaker (hereafter merely Whitaker) to breach her contract with plaintiff.

Plaintiff's evidence is sufficient to show *prima facie* these facts: On 29 September 1959 Whitaker, a guest in an automobile operated by Jesse Black, was injured in a collision with another motor vehicle operated by Mrs. Godfrey. Nationwide was Mrs. Godfrey's liability

insurance carrier. Eastridge was an employee of Nationwide authorized to adjust and settle claims against its insured. Wilson operated a garage and made appraisals of property damage for Nationwide. On 3 October 1959 Whitaker contracted with plaintiff, an attorney at law, to obtain compensation, by settlement or litigation, for the injuries sustained by Whitaker in the collision. Plaintiff, as compensation for his services, would receive a percentage of the amount paid to Whitaker in settlement of her claim. Plaintiff would receive a smaller percentage if Whitaker's claim was fixed by agreement than if determined in a lawsuit. Pursuant to this contract plaintiff contacted Nationwide and its agent, Eastridge. There were negotiations looking to a settlement of Whitaker's claims. With knowledge of plaintiff's contract, defendants fraudulently induced Whitaker to breach it, representing to her that settlement would be made if Whitaker would discharge plaintiff, thereby securing greater benefits for herself. To induce plaintiff to consent to a cancellation of his contract, defendants suggested a false reason which Whitaker could assign for the termination. Whitaker, acting pursuant to the advice and instructions of defendants, notified plaintiff that she would not proceed with her contract, assigning as the reason for the abandonment of her claim the objection of her husband to possible litigation. This reason had been suggested by defendants. It was not true. She inquired of plaintiff the amount owing for his services. The sum named was paid by Whitaker with money obtained from defendants for that purpose. The sum so paid was less than the amount which defendants had furnished Whitaker. Plaintiff thereupon gave Whitaker a full release.

Nationwide did not settle with Whitaker as it had led her to believe it would. She then went back to plaintiff, informed him what had transpired, and made a new contract with plaintiff identical in terms with her original contract. Plaintiff then instituted suit for Whitaker against Godfrey. During the trial of that action Nationwide, with the approval of plaintiff, settled with Whitaker. Plaintiff received his contractual portion of the sum then paid.

Defendants' motion for nonsuit at the conclusion of plaintiff's evidence was allowed. Plaintiff appealed.

*Lee & Allen for plaintiff appellant.*
*Williams, Williams & Morris by Robert R. Williams, Jr., for defendant, appellees.*

RODMAN, J. The right to recover damages resulting from a wrongful interference with a contract for personal services has long been recognized. *Haskins v. Royster,* 70 N.C. 601; *Jones v. Stanly,* 76 N.C.

355; *Arkansas v. Texas*, 346 U.S. 368, 98 L. ed. 80; *Edwards v. Dowdy*, 70 S.E. 2d 608; *Lurie v. New Amsterdam Casualty Co.*, 1 N.E. 2d 472; *Sorenson v. Chevrolet Motor Co.*, 214 N.W. 754, 84 A.L.R. 35; *Childress v. Abeles*, 240 N.C. 667, 84 S.E. 2d 176, and the numerous authorities there cited.

For the purpose of this appeal it may be conceded that plaintiff's evidence relating to the breach of the contract of 3 October would have sufficed to support a verdict for wrongfully inducing Whitaker to breach her contract had plaintiff elected to pursue that course; but he waived that right and took in payment for his services a sum which he fixed as fair compensation. That payment and the release then given Whitaker, so long as it remained in force, released defendants from liability.

Plaintiff, ignorant of the fraud causing him to consent to the release, could, upon discovering the facts, have maintained an action to set the release aside and for damages resulting from the fraudulent interference with his contractual rights; but when, with knowledge of the facts, he elected to make a new contract for the same services, he substituted the new for the old; the original thereupon ceased to exist. The acceptance of benefits under the new contract was a complete bar to plaintiff's original right of action. *Morgan v. Speight*, 242 N.C. 603, 89 S.E. 2d 137; *Bixler v. Britton*, 192 N.C. 199, 134 S.E. 488; *Burns v. McFarland*, 146 N.C. 382; *Swift v. Beaty*, 282 S.W. 2d 655; *Krause v. Hartford Accident & Indemnity Co.*, 49 N.W. 2d 41; *Bailey v. Banister*, 200 F. 2d 683; 12 Am. Jur. 1041; 17 C.J.S. 885.

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.