A. CARL PENNEY AND WIFE, BRENDA B. PENNEY v. RICHARD E. CARPENTER AND WIFE, SHARON M. CARPENTER

No. 7621DC609

(Filed 5 January 1977)

**Contracts § 19— whether agreement constituted novation — jury question**

> In an action for breach of a provision of a contract for sale of a house that the furnace in the house would "be in good repair and operating at close," a jury question was presented as to whether an addendum to the contract in which plaintiff purchasers agreed to provide for necessary furnace repairs which had been suggested by a heating company representative constituted a novation which superseded the original agreement relating to the furnace.

APPEAL by plaintiffs from *Clifford, Judge.* Judgment entered 22 March 1976 in District Court, FORSYTH County. Heard in the Court of Appeals 9 December 1976.

This is an action for breach of contract. Allegations of the complaint are summarized in pertinent part as follows:

On 28 November 1973 the parties entered into a written contract in which plaintiffs agreed to purchase from defendants and defendants agreed to sell to plaintiffs, a parcel of land with improvements thereon (a dwelling house) located at 517 Jersey Avenue in the City of Winston-Salem. One of the provisions of the contract was that the furnace in the house would "be in good repair and operating at close. To be inspected by qualified person."

Defendants have breached said contract by providing a furnace that was not in good repair nor operating at the time the transaction was closed on 15 February 1974. Plaintiffs have had to replace said furnace with a new heating system at a cost of $1710 and defendants have refused to comply with plaintiffs' demand to pay that amount. Plaintiffs asked for judgment in said amount and for trial by jury.

In their answer defendants denied owing plaintiffs anything, alleging that the parties entered into another written agreement subsequent to the one pleaded by plaintiffs.

Plaintiffs presented evidence tending to show:

On 28 November 1973 the parties entered into the contract referred to in the complaint. On 7 December 1973 Darold Baity,

the owner of AAA Heating and Air Conditioning Company in Winston-Salem, inspected the furnace. He found the basement where the furnace was located littered with trash and debris, and found water around the furnace. He recommended that certain repairs to the furnace be made at a cost of $225 or $250.

In January 1974 the parties executed a document entitled "Addendum To Contract" which contained provisions that plaintiffs would: (1) provide for necessary furnace repairs which AAA Heating and Air Conditioning Company representative suggested on 7 December 1973, including cost of the inspection; and (2) arrange for a reputable contractor to inspect the property and obtain his opinion as to the "good state of repair" of the roof, plumbing, heating and wiring.

The sale was closed on 15 February 1974. Several weeks later the furnace was inspected by a city inspector and, because of his findings, plaintiffs had to replace the entire heating system at a cost of $1687.

Plaintiffs offered the testimony of Hubert French, a city boiler inspector, and Darold Baity with respect to their inspection of the furnace and premise in March 1974. The court sustained defendants' objection to the testimony but allowed the witnesses to testify for the record in the absence of the jury. After reciting their respective qualifications, they stated that they found that the inner and outer walls of the furnace had rusted out and that the boiler was leaking water, raising the possibility of an explosion. In Baity's opinion the boiler was leaking on 7 December 1973 and the leak could not have developed between that date and March 1974.

Following the introduction of plaintiffs' evidence defendants moved for directed verdict pursuant to Rule 50. The motion was allowed and from judgment dismissing their action with prejudice, plaintiffs appealed.

*David B. Hough for plaintiff appellants.*

*Badgett, Calaway, Phillips & Davis, by Chester C. Davis, for defendant appellees.*

BRITT, Judge.

Did the trial court err in allowing defendants' motion for directed verdict and dismissing the action? We hold that it did.

Defendants' motion for directed verdict presented the question whether, as a matter of law, the evidence offered by plaintiffs, when considered in the light most favorable to them, was insufficient to be submitted to the jury. *Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972); *Sink v. Sink,* 11 N.C. App. 549, 181 S.E. 2d 721 (1971).

We think the principle of novation or substitution of a new contract between the parties applies in this case, raising questions for jury determination. It is clear that parties may modify their agreement by entering into a new contract prescribing their rights and liabilities in regard to the entire subject matter and the new agreement amounts to a novation. *Fowler v. Insurance Co.,* 256 N.C. 555, 124 S.E. 2d 520 (1962); *Stanley v. Cox,* 253 N.C. 620, 117 S.E. 2d 826 (1961).

In 2 Strong, N. C. Index 2d, Contracts § 19, we find:

> "Whether a new contract between the same parties discharges or supersedes a prior agreement between them depends upon their intention as ascertained from the instrument, the relation of the parties, and the surrounding circumstances.

> \*    \*    \*

> "Where the question of whether a second contract dealing with the same subject matter rescinds or abrogates a prior contract between the parties depends solely upon the legal effect of the latter instrument, the question is one of law for the court, but where the second agreement does not show on its face that it must have been intended as a substitution for the prior agreement, and the facts relating to the intent of the parties are controverted, the question of intent is for the jury."

In the case at bar, defendants contend the addendum to the contract, entered into on _____ January 1974, completely changed the terms of the original agreement with respect to their liability for the furnace; plaintiffs contend otherwise. There arises, therefore, a question for a jury to determine, namely, the intention of the parties, based upon the writings, the relation of the parties and the surrounding circumstances. We hold that the court erred in not submitting the case to the jury.

We also hold that the court erred in not admitting the proffered testimony of Hubert French and Darold Baity. The qualifications which they showed were sufficient to entitle them to provide expert testimony with respect to the furnace and boiler.

For the reasons stated, the judgment appealed from is

Reversed.

Chief Judge BROCK and Judge MORRIS concur.