364 So.2d 786 (1978)
Francis C. BACKUS and Marjorie Backus, His Wife, Appellants,
v.
Harold W. SMITH and Minnette C. Smith, His Wife, and La Playa Association, Inc., a Florida Corporation, Appellees.
No. II-232.
District Court of Appeal of Florida, First District.
November 6, 1978.
Rehearing Denied December 19, 1978.
*787 Harry B. Mahon of Mahon, Farley & Vickers, Jacksonville, for appellants.
Kenneth G. Anderson of Culverhouse, Tomlinson, Mills, Anderson & Cone, Michael F. Dawes of Commander & Legler, Jacksonville, for appellees.
BOYER, Judge.
Mr. and Mrs. Backus, appellants, entered into a contract whereby they agreed to purchase from appellees Smith, and the Smiths agreed to sell to the Backus', a condominium unit at La Playa, putting up a $3,000.00 earnest money deposit to be held by a realtor. All of the owners of condominium apartments in the La Playa complex are members of appellee La Playa Association, Inc. Under the Declaration of Condominium of the La Playa Association the Association has the right of first refusal upon any condominium owner desiring to sell. After the Smiths had entered into the contract with the Backus' notice was given to the Association. In due course a meeting was held at which all of the members, including Smith, voted to exercise the right of first refusal. The Association failed to follow many of the procedural requirements of the Declaration of Condominium and of the Association By-Laws. The Smiths informed the Backus' that because of the action of the Association they (the Smiths) would not sell to the Backus' in accordance with the Contract. The realtor returned the earnest money deposit to the Backus' who accepted and deposited it in their bank account. The Backus' then filed a two count complaint against the Smiths and the Association. By count I they sought specific performance by the Smiths and in count II damages against the Association for tortious interference with a contract. The Smiths answered and filed a counterclaim seeking damages on the grounds that the law suit by the Backus' prevented a sale to a substitute purchaser. They also sought attorney's fees under the contract. Following pleading and discovery the trial judge entered a summary judgment in favor of the defendants, which is the judgment here appealed. Thereafter the court entered an order denying damages to the Smiths on their counterclaim and denying attorney's fees to the Association who claimed entitlement under a provision of the contract between the Smiths and the Backus'. However, the Smiths were allowed attorney's fees in the sum of $5,000.00.
We affirm the summary judgment in favor of appellee La Playa Association, Inc., finding that the record is devoid of any evidence of malice and that the Backus', not being members of the Association, have no standing in the action sought to be asserted by the Backus' against the Association to collaterally attack the failure of the Association to abide by the procedural requirements of the Declaration of Condominium and its By-Laws.
We also affirm a denial by the trial court of attorney's fees for the Association attorneys and deny the motion filed by the Association for attorney's fees incident to this appeal.
*788 However, the claim against the Smiths is quite another matter. The basis of the Smiths' refusal to convey pursuant to the terms of the contract was that they could not obtain permission from the Association to make such conveyance and that the Association had exercised its right of first refusal. Under those circumstances, as between the Backus' and Smiths, Backus' has standing to challenge the propriety of the actions of the Association upon which the Smiths rely on to raise the numerous procedural deficiencies which are revealed by the record. On summary judgment, it is also material to the claim for specific performance that the record is subject to the construction that the Backus' have offered to accept from the Smiths such title as the Smiths are able to convey.
The final point relates to the effect of the acceptance by the Backus' of a return of the earnest money deposit after the Smiths had informed them that they (the Smiths) would not abide by the contract. Generally, the acceptance of a return of a deposit terminates all obligations under the contract. However, sub judice, the Backus' contend that another rule should apply since their acceptance of the return of the deposit by the realtor was after the Smiths had already breached the contract by refusing to sell the condominium to the Backus' under the terms of the contract. Intriguing though we find that contention to be, we find no occasion here to resolve it because of the peculiar wording of the contract entered into between the parties. It is axiomatic that the courts are required to apply the terms of a valid contract entered into by competent parties, particularly when no attack upon the contract itself has been made. The contract here involved, which we note bears the notation at the bottom: "Copyrighted by the Jacksonville Board of Realtors Jacksonville, Fla. 1975" contains the following provision (numbered paragraph 10) relating to default by the seller:
"DEFAULT BY SELLER. If the SELLER fails to perform any of the covenants of this Agreement, the aforesaid money paid by the BUYER, at the option of the BUYER, shall be returned to the BUYER on demand; the BUYER may bring suit against SELLER for damages resulting from the breach; and the BUYER shall have the right of specific performance."
It is clear that the remedies so provided are not in the disjunctive. Upon default by the seller the buyer may, the contract says, have a return of the "money paid by the Buyer" and "the Buyer shall have the right of specific performance."
Whether or not, upon remand, the Backus' will be able to prove their case, or whether the Smiths will be able to perform and if not what remedies may be then available to the Backus' are not issues now before us, therefore we do not speculate thereon.
The summary judgment here appealed is
REVERSED.
MILLS, J., concurs.
McCORD, C.J., dissents.
McCORD, Chief Judge, dissenting.
I would affirm the summary judgment and, therefore, dissent.