In re Robert J. & Kathleen
**WOLFARTH, Debtors.**

**William ROEMELMEYER, Trustee,
Plaintiff,**

v.

**Maurice REVITZ, individually and as
Trustee, d/b/a Star Apartments,
Defendant.**

**Bankruptcy No. 82–01105–BKC–TCB.
Adv. No. 83–0045–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 14, 1983.

Arthur Rice, Miami, Fla., for plaintiff.

Lapidus & Stettin, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks avoidance under 11 U.S.C. § 547 of the debtors' transfer of $100,000 to the defendant. The matter was tried on February 10. The facts are undisputed.

Defendant concedes four of the five elements which the trustee must establish. The only issue is whether this transfer was made after March 25, 1982, that is to say within 90 days before bankruptcy, which occurred on June 24, 1983. § 547(b)(4)(A).

In 1981, the debtors contracted to buy five apartment buildings from the defendant for $3.5 million and deposited $100,000 earnest money in escrow. The contract provided that if:

> "... the Buyer shall fail or refuse to close this transaction ... then, at the written election of Seller, Seller shall receive the deposit made hereunder by the Buyer, together with all interest accrued thereon, which is to be immediately paid over by the escrow agent to the Seller. Seller shall also have the right to seek any other remedies afforded by law."

The debtors failed to close. It is stipulated that:

> "On July 30, 1982, the Defendant's attorney wrote to the Debtors' attorneys and declared a default under the purchase and sale agreement. The debtors were also advised that the escrow agent had been contacted to release and transfer the deposit monies to the Defendant."

Sometime later, but well before March 25, 1982, the escrowed funds were released to defendant.

Defendant argues that the $100,000 transfer to him was perfected by the foregoing events and, therefore, it did not occur within 90 days before bankruptcy. The trustee argues that because of the subsequent events, related below, the transfer had not yet been perfected.

Less than two weeks after defendant's written declaration of default, defendant sued the debtors for specific performance of the contract or, alternatively, for:

> "... damages sustained above and beyond the deposit which had already been forfeited."

That action resulted in a judgment for specific performance, requiring the debtors to buy the property at the contract price:

> "... less the ONE HUNDRED THOUSAND DOLLARS ($100,000.00) earnest money deposit plus accrued interest."

The judgment further provided:

> "upon failing to close within thirty (30) days of the date of this Order all of the Defendants' right, title and interest to the property shall be forfeited, the contract of purchase and sale shall be void and of no force and effect."

Judgment was affirmed on appeal.

The trustee argues that the transfer of the $100,000 to defendant was not perfected until March 28, the 31st day after the date of the judgment. This date is within 90 days before bankruptcy.

Section 547(e)(2) provides that for the purposes of § 547(b), a transfer is made when it is perfected, and § 547(e)(1)(B) provides that:

> "... a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee."

The decisive question, then, is whether under Florida law a judgment creditor of the debtors could have acquired a lien superior to defendant's interest in the $100,000 between March 25 and 28 because of the foregoing provision in the judgment and the events that preceded it. I conclude that he

could not and, therefore, that the transfer was perfected more than 90 days before bankruptcy.

The trustee has argued that defendant's rights to forfeiture of the deposit and to enforce the contract were in the disjunctive, not the conjunctive. He could do one or the other, but not both and since he elected to sue for specific performance, he waived his right to treat the deposit as forfeited in July. This argument must wilt, however, in the face of *Backus v. Smith,* Fla.App. 1978, 364 So.2d 786, which held that where the contract so provides, the right to the deposit and for specific performance are conjunctive, not disjunctive. The contract provision there and here are indistinguishable. In *Backus,* the Buyer exercised both options. Here, it was the Seller who did so. I see no reason to assume that this fact should require a contrary holding.

Waiver is the intentional and voluntary relinquishment of a known right, or conduct which warrants an inference of such relinquishment. 22 *Fla.Jur.2d,* Estoppel and Waiver, § 86. In this instance, defendant's letter of July 30 and the allegation in his complaint that the deposit had "already been forfeited" completely negates any inference that he intended to waive that right.

The lien of a judgment creditor of the debtors between March 25 and 28 (when the closing directed by the judgment was still executory) would have reached the debtors' contractual right to purchase the five apartments for the contract price, less the forfeited deposit. *Puzzo v. Ray,* Fla.App. 1980, 386 So.2d 49, 50. But it would not have reached the deposit. The deposit had then ceased to be the debtors' property and the debtors' no longer had any interest in the deposit.

It follows that the trustee has not and cannot establish a preferential transfer to defendant under § 547(b). As is required by B.R. 921(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.