In re Benjamin D. **GARRIS**, Debtor.

Benjamin D. **GARRIS**, Plaintiff,

v.

**SEARS, ROEBUCK & COMPANY**, Defendant.

Bankruptcy No. 83–03611G.
Adv. No. 83–2213G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 10, 1985.

David A. Searles, Community Legal Services, Inc., Philadelphia, Pa., for debtor/plaintiff, Benjamin D. Garris.

Edward Stock, Philadelphia, Pa., for defendant, Sears, Roebuck & Company.

Michael A. Cibik, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The query, presented through the debtor's motion for reconsideration of our order of February 9, 1984, is whether a payment, made within the ninety day vulnerability period provided by 11 U.S.C. § 547(b)[1], in satisfaction of a debt which was fully secured prior to that period, constitutes a voidable transfer under § 547(b). Since we conclude that the payment is not avoidable, we will deny the debtor's motion for reconsideration.

The facts of this controversy are delineated as follows:[2] Sears, Roebuck & Company ("Sears") obtained a judgment against the debtor in Philadelphia Municipal Court in the amount of $659.81. More than ninety days later a settlement of the debtor's realty was conducted at which time the debtor and his estranged wife transferred title to that property to a purchaser. At the settlement, the sum of $659.81 was deducted from the proceeds of the sale and paid to Sears in satisfaction of its judgment lien. Approximately two weeks later the debtor filed a petition for the repayment of his debts under chapter 13 of the Bankruptcy Code ("the Code").

1. In relevant part § 547(b) states as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
(1) to or for the benefit of a creditor;—
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
(1) was an insider; and
(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

\*   \*   \*   \*   \*   \*

(e)(1) For the purposes of this section—
(A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; and
(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

\*   \*   \*   \*   \*   \*

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

In an effort to avoid the transfer of the $659.81 payment, the debtor commenced the instant action against Sears under 11 U.S.C. §§ 547(b) and 522(h). The matter was submitted for decision on the parties' cross motions for summary judgment. In a written opinion we concluded that the debtor failed to satisfy one of the elements of § 547(b), to wit, § 547(b)(5), which requires that a creditor receive more through the alleged preference than he would receive as payment on his debt through a chapter 7 distribution. *Garris v. Sears, Roebuck & Co.* (In Re Garris), 36 B.R. 842 (Bankr.E.D.Pa.1984). The debtor moved for reconsideration on the basis that Sears admitted in its answer to the debtor's complaint that the element of § 547(b)(5) *was* present. Nonetheless, a review of the briefs for summary judgment submitted, of course, prior to the issuance of our original opinion indicates that Sears had alternatively asserted the absence of § 547(b)(4) on the basis that the $659.81 payment, which *actually* occurred within the 90 day preference period, is *deemed* to have occurred prior to the running of that period.

 We note that a judgment obtained by a party in Philadelphia Municipal Court creates a lien on all realty of the judgment debtor within the confines of Philadelphia County. 42 Pa.Cons.Stat.Ann. §§ 1124 and 4303 (Purdon 1981). The parties are in apparent agreement that the lien was fully secured. When perfection of a lien such as in the case at bench occurs prior to the ninety day preference period, § 547(b)(5) is not met and consequently, any payment in satisfaction of that lien within the vulnerability period is not avoidable. *In Re Markim, Inc.*, 15 B.R. 56 (Bankr.E.D.Pa.1981). Such is clearly the situation in the instant case.

As stated above, in the case at issue Sears admitted in its answer that the debtor met the requirement of § 547(b)(5) although in the parties' briefs they contested whether the payment of the $659.81 at settlement effected a transfer within the meaning of § 547(b). Although the resolution of this case is more clearly supportable under § 547(b)(5), it is likewise tenable under § 547(b)(4) and § 547(e)(1)(B). Section 547(e)(1)(B) states that for the purposes of § 547 "(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." Since Sears' debt was fully secured prior to the running of the preference period, $659.81 payment is *deemed* to have occurred at the time of the perfection of the lien. § 547(e)(1)(B); *In Re Wolfarth*, 27 B.R. 746 (Bankr.S.D. Fla.1983); *In re Church Buildings and Interiors, Inc.*, 14 B.R. 128 (Bankr.W.D. Okla.1981); *In Re Burnette*, 14 B.R. 795 (Bankr.E.D.Tenn.1981). Thus, the payment is not deemed effected within the ninety day preference period and is unavoidable. § 547(b)(4); *Markim*, 15 B.R. 56.

We will consequently enter an order denying the motion for reconsideration.

