544 So.2d 1080 (1989)
JAMLYNN INVESTMENTS CORP., d/b/a Alpine Restaurant & Deli, Appellant,
v.
SAN MARCO RESIDENCES OF MARCO CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 88-03593.
District Court of Appeal of Florida, Second District.
June 9, 1989.
Ronald S. Webster of Rhodes & Tucker, Marco Island, for appellant.
Leonard P. Reina of Forsyth, Swalm & Brugger, Naples, for appellee.
RYDER, Acting Chief Judge.
Appellant/defendant, Jamlynn Investments Corp., d/b/a Alpine Restaurant & Deli, challenges a nonfinal order denying its motion for temporary injunction against appellee/plaintiff, San Marco Condominium Association, Inc. The trial court denied the motion on the ground that Jamlynn lacked standing to file the motion for temporary injunction. We reverse.
Alpine Restaurant & Deli is located in San Marco Residences, a mixed use condominium. *1081 Jamlynn purchased the Alpine business from William and Lottie Tedio and, as a condition of the purchase, entered into a commercial lease/option to buy agreement with the Tedios for the condominium property in which Alpine is located. Jamlynn leased the premises subject to the condominium declaration, rules and regulations, and agreed to comply with all existing and future condominium rules and regulations.
The Condominium Association filed a complaint seeking an injunction against Jamlynn, alleging Alpine was violating various provisions of the condominium declaration, the Condominium Association's bylaws, rules and regulations, and the county's zoning ordinances. The complaint stated that Article III of the condominium declaration allows use of condominium space as a deli, and one allegation was that there was a disproportionate use of parking spaces by Alpine's customers and employees.
Jamlynn's answer denied the allegation that Alpine used too many parking spaces, and counterclaimed to obtain declaratory and injunctive relief. Jamlynn alleged that the Condominium Association's attempt to amend the condominium declaration to limit the commercial unit owner's use of forty-seven limited common element parking spaces, to which it is entitled under the recorded prospectus and condominium declaration, would cause irreparable harm and violated the condominium prospectus and declaration.
In its answer to Jamlynn's counterclaim, the Condominium Association generally denied the allegation regarding the parking spaces and denied that Jamlynn had an actual, present, and adverse interest in the subject matter before the court. Jamlynn then filed a motion for temporary injunction, alleging that the Association's threats to eliminate the parking spaces as limited common elements and reassign them to individual unit owners would cause Jamlynn irreparable harm from lost income because its customers would be denied access to Alpine.
During the hearing on the motion for temporary injunction, the Condominium Association argued that Jamlynn did not have standing to prevent the Association from amending its documents because Jamlynn was not a condominium unit owner. The trial court denied Jamlynn's motion on the ground it did not have standing, relying upon Backus v. Smith, 364 So.2d 786 (Fla. 1st DCA 1978).
We find that Backus and the other cases cited by appellee are distinguishable and do not control the disposition of this case. Backus involved, inter alia, the dismissal of the plaintiffs' count against a condominium association for tortious interference with a contractual relationship, not an injunction. In that case, the association refused to permit the sale of a condominium during a meeting where the association failed to follow procedural requirements set forth in the condominium declaration and the association's bylaws. The appellate court affirmed the dismissal of the count on the reasoning that because plaintiffs were not members of the association, they did not have standing to collaterally attack the association's failure to abide by its own procedural rules.
The most obvious factual difference between this case and Backus is that this case involves the approved and existing commercial use of a condominium unit by an established business, rather than a prospective purchase of a residential unit. The parties in this case appear to agree that Alpine is entitled to the use of parking spaces. The tenor of Jamlynn's argument implies that as lessee of the condominium property, Alpine is entitled to the use of parking spaces. The Condominium Association has not challenged this assumption, as evidenced by the fact that its complaint alleged that Alpine used too many spaces, rather than alleging that Alpine was not entitled to use any spaces. However, we cannot determine where Alpine derives this right because the record before this court does not contain copies of the condominium declaration or the Association's rules and regulations. Thus, we are unable to discern whether Alpine's use of limited common element parking spaces in conjunction *1082 with the permitted use of condominium space as a deli is specifically addressed. The record is also silent as to whether the Condominium Association approved the Tedios' lease to Jamlynn, although we note that the lease does not specifically provide for the use of parking spaces. However, the fact that we cannot determine from where Alpine's right to use the parking spaces derives does not deprive it of standing to argue its motion for temporary injunction.
The concept of standing has been defined in a broad sense as having a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178, 1182 (Fla. 3d DCA), review denied, 476 So.2d 675 (Fla. 1985). Standing is not determined by first finding whether privity exists. General Development Corp. v. Kirk, 251 So.2d 284, 286 (Fla. 2d DCA 1971). Rather, a party has standing when it has such a legitimate interest in a matter as to warrant asking a court to entertain it. Argonaut Insurance Co. v. Commercial Standard Insurance Co., 380 So.2d 1066, 1067 (Fla. 2d DCA 1981); General Development v. Kirk at 286. Thus, one has standing where there is a sufficient interest at stake in the controversy which will be affected by the outcome of the litigation. Gieger v. Sun First National Bank of Orlando, 427 So.2d 815, 817 (Fla. 5th DCA 1983).
Importantly, and unlike the plaintiffs in Backus, Jamlynn was made a party to this action by the Condominium Association. The fact that the Condominium Association filed its action for injunctive relief against Jamlynn as lessee and possessor of the units, along with the Tedios as owners of the units, is evidence of the Association's recognition that Jamlynn had an interest in the action and that in order to properly adjudicate the rights of the parties, Jamlynn must be a party to the suit.
Jamlynn has a substantial and legitimate interest at stake in maintaining sufficient parking spaces for Alpine's customers. Additionally, as lessee and possessor of the commercial condominium units, Jamlynn has a sufficient stake in any resolution by the court concerning the use of limited common element parking spaces available to the commercial units. As such, the trial court should have reached the merits of Jamlynn's motion for temporary injunction.
We close with the observation that this opinion does not determine whether Jamlynn has a right to an injunction, but only that it has a right to have its motion for an injunction considered by the court on its merits. Such a determination by the trial court should include a review of the condominium declaration, the Association's rules and regulations, and the lease to determine Jamlynn's rights.
Reversed and remanded.
FRANK and PARKER, JJ., concur.