LEHAN, Judge.
This is an appeal from the trial court’s order dismissing appellant’s declaratory judgment suit for lack of standing. Appellant, who had conveyed certain real property to Pinellas County, brought this suit, together with Pinellas County, to have determined invalid a recorded easement held by appellee on the property. Appellant in one count sought a declaratory judgment, and the county in the other count sought to quiet title. Notwithstanding the well presented argument on behalf of appellee, we reverse.
Under the terms of the contract of sale between appellant as seller and the county as buyer, $200,000 of the purchase price was withheld from appellant and placed in escrow by the county “to offset any losses the County may suffer or for any litigation costs the County may incur as a result of dispute concerning the ... easement[]_” The contract further provides that appellant “shall have the right to co-counsel and participation in any litigation resulting from the [county’s] use and occupancy of the property in relation to the said ... easement[]....,” which appears to mean litigation like that in this case to obtain a judicial determination concerning the validity of the easement. Under these circumstances we conclude that appellant has a sufficient stake and interest in the controversy to bring this suit. See Kumar Corp. v. Nopal Lines Ltd., 462 So.2d 1178 (Fla. 3d DCA 1985). See also Jamlynn Investments Corp. v. San Marco Residences of Marco Condominium Ass’n, Inc., 544 So.2d 1080, 1082 (Fla. 2d DCA 1989).
Reversed and remanded for proceedings consistent herewith,
RYDER, A.C.J., and HALL, J., concur.