[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11677

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00146-CV-3-RS/EMT

W.D. SALES AND BROKERAGE LLC,
a Florida Limited Liability Company,
EMERALD COAST BROKERAGE, INC.,

Plaintiffs-Appellants,

versus

BARNHILL'S BUFFET OF TENNESSEE, INC.,
d.b.a. Barnhill's Buffet, Inc.,
DYNAMIC MANAGEMENT COMPANY, LLC,
EMPAD CONSULTING, INC.,
GARY SHARP,
ROBERT LANGFORD,
CRAIG BARBER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 22, 2010)

Before EDMONDSON, BARKETT and BALDOCK,[*] Circuit Judges.

PER CURIAM:

W.D. Sales and Brokerage, LLC and Emerald Coast Brokerage, Inc., wholesale food brokers, (collectively "the Brokers"), appeal from the dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of their amended complaints.[1] The Brokers alleged that Dynamic Management Company LLC, Empad Consulting, Inc., Gary Sharp, and Craig Barber, all connected to Barnhill's Buffet of Tennessee, Inc., (collectively "Barnhill's"),[2] tortiously interfered with the Food Brokers's business relationships.

The facts giving rise to the complaint are as follows: The Brokers earned commissions by representing several food suppliers (the "Suppliers") in selling their food products. Barnhill's Buffet operates a chain of restaurants and was a customer of the Suppliers, sometimes purchasing food products from the Suppliers

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

[1] W.D. Sales and Emerald Coast originally filed separate complaints in state court in Florida, which were consolidated and removed to federal court based on the diversity of the parties.

[2] Each of the defendants, who are alleged to be either an agent or officer of Barnhill's, are, because of this status, considered a party to the business relationship. See Richard Bertram, Inc. v. Sterling Bank & Trust, 820 So. 2d 963 (Fla. Dist Ct. App. 2002) (an agent of a party to a business relationship, acting within the scope of his agency, cannot be considered a separate entity for purposes of tortious interference, except where the agent has a personal stake separate from the principal).

2

via the Brokers.  When Empad Consulting was hired by Barnhill's to provide food consulting services, it contacted the Suppliers and notified them that Barnhill's would no longer purchase their food products unless Barnhill's could make the purchases directly, without the involvement of the Brokers.  The Suppliers thereafter sold food products to Barnhill's directly, and the Brokers were no longer involved in these transactions.  The Brokers claim that the actions of the Barnhill's defendants constitute tortious interference with their business relationship with the Suppliers.  We disagree.

Under Florida law, which we apply in this diversity case, in order to state a claim upon which relief can be granted for tortious interference with a business relationship, the Brokers were required to allege the following:  "(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship."  Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla.1994) (citation omitted).  The only disputed element in this appeal is the third one: whether the defendants intentionally and unjustifiably interfered with the relationship between the Brokers and the Suppliers.

With regard to the third element, Florida appellate courts have explained that

3

"[f]or the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So. 2d 381, 386 (Fla. Dist. Ct. App. 1999) (citations omitted); see also Genet Co. v. Anheuser-Busch, Inc., 498 So. 2d 683, 684 (Fla. Dist. Ct. App. 1986) ("[A] cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with."). Moreover, "[t]he tort of willful interference with a business relationship does not exist where the defendant was the source of the business opportunity allegedly interfered with." Genet, 498 So. 2d at 684 (citation omitted). More recently, Florida's Fourth District Court of Appeal explained that a "defendant is not a 'stranger' to a business relationship if the defendant has any beneficial or economic interest in, or control over, that relationship." Palm Beach County Health Care Dist. v. Prof'l Med. Educ., Inc., 13 So. 3d 1090, 1094 (Fla. Dist. Ct. App. 2009) (quotation marks and citations omitted).

The Brokers attempt to avoid these holdings by arguing that the district court misconstrued which business relationship had been subject to tortious interference. They do not dispute that Barnhill's was a party to the relationship between them and the Suppliers. The Brokers, however, assert that they had a separate business relationship with the Suppliers concerning the Suppliers's payment of commissions

4

to the Brokers for the sales of food products to Barnhill's. This is a specious argument. The relationship involving the Brokers's representation of the Suppliers with the sales of food products to Barnhill's is not a separate and distinct business relationship from the Suppliers's payment of commissions to the Brokers for the food sales to Barnhill's. Payment for work done within a business relationship is simply one aspect of that entire business relationship. Moreover, in this case because the commissions paid by the Suppliers to the Brokers for its representation in food sales to Barnhill's would not have existed absent Barnhill's agreement to purchase and pay for the Suppliers's food products, it simply is not plausible to separate the relationship involving the food sales from the relationship involving the payment of commissions for the food sales.

As the Brokers concede, the defendants were parties to the relationship between them and the Suppliers in the sales of the Suppliers's food products to Barnhill's and we find that this was the only business relationship at issue. Thus, we AFFIRM the district court's dismissal of the amended complaint as to defendants Dynamic Management, Empad, Sharp and Barber.

AFFIRMED.