ON MOTION TO REVIEW ORDER ON ATTORNEY’S FEES
LETTS, Judge.
Pursuant to appeals from a non-final order later consolidated with the plenary appeal, this court per curiam affirmed the lower court. Motions for attorney’s fees were filed by the wife in both the non-final and plenary proceedings.
On the same day the lower court was affirmed, we issued an order, identifying both case numbers of the consolidated appeals, which granted the motions for attorney’s fees filed by the wife and remanded to the trial court to assess the amounts. Unfortunately that order, for which we apologize to all parties, was inartfully drawn and ambiguous on its face, so that it could not be readily determined whether we were awarding the fees in the consolidated appeals or only in the plenary one. It was, of course, our intention to award them in both as consolidated.
Thereafter the wife’s attorney filed a motion for clarification stating that the court order awarding the attorney’s fees left “. . . uncertain the question of whether the [wife’s] counsel is entitled to attorney’s fees for services . - . . in both the full appeal . . . and the interlocutory appeal . . . or, . . . only in the full appeal . . . .”
We agreed as to the uncertainty and by a further order granted the motion for clarification directing the trial court “ . to consider attorney’s fees for both the interlocutory and plenary appeals.” (emphasis supplied)
Counsel for the husband then zeroed in upon the word “consider” and interpreted it to mean that we were receding altogether from our grant of the attorney’s fees and were by this latter order directing the trial court to determine the appropriateness of attorney’s fees on appeal rather than just the amount. Counsel for the husband apparently persuaded the trial judge to his way of thinking and as a result the trial court denied attorney’s fees altogether. Counsel for the wife now returns to us for further clarification.
Without more ado, we announce flatly that we intended to grant, and are of the firm opinion that we did grant, the motions for attorney’s fees in both appeals and that the trial court’s role was only to assess the amounts in both instances.
The Florida Appellate Rules 9.400(b) (1978) call for the appellate court to determine the appropriateness of attorney’s fees on appeal and the trial court’s only role is to assess and enforce the amount upon remand. Nowhere can we find any law or precedent which would enable a trial court to determine the appropriateness of attorney’s fees on appeal and none has been cited to us. We, therefore, confirm that a trial court cannot so determine. [See Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975)].
We also reiterate that we are unanimous that our prior instructions to the trial court were clear and unambiguous, leaving no room for the interpretation placed upon them by counsel for the husband. This being so, we now grant a third attorney’s fee to counsel for the wife to be assessed by the trial court, this third fee to apply to all the proceedings, hearings, pleadings and testimony emanating from the motion to assess attorney’s fees filed in the Nineteenth Judicial Circuit of Florida in Okeechobee County and heard on July 20, 1979. The attorney’s fees to be assessed should include the services rendered at the hearing held on July 20, 1979 and should also include the motion to review the order on attorney’s fees filed in this court together with fees for the preparation of the accom *341 panying appendix and for oral argument before this court. Further, all taxable costs arising out of the foregoing recitation of circumstances in this paragraph, are hereby awarded to counsel for the wife including, but not limited to, the $226.30 invoice from the court reported dated October 8, 1979. The full extent of all these costs are hereby determined to be appropriate and the trial court shall assess the cumulative total of them against the husband,
g0 ORDERED AND REMANDED IN ACCORDANCE HEREWITH,
DOWNEY, C. J., and GLICKSTEIN, J., concur.