425 So.2d 650 (1983)
Steven S. KIROU, Appellant,
v.
OCEANSIDE PLAZA CONDOMINIUM ASSOCIATION, INC., a Not-for-Profit Florida Corporation, Appellee.
No. 82-1259.
District Court of Appeal of Florida, Third District.
January 25, 1983.
Pepe & Nemire and Thomas Pepe, Coral Gables, for appellant.
Smith & Mandler and Mitchell Mandler, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
This case concerns the proper interpretation of the following portion of the Oceanside Plaza Declaration of Condominium:

Costs and Attorneys' Fee. In any proceeding arising because of an alleged failure of a Unit Owner to comply with the terms of the Condominium Act, the Condominium Documents or the rules and regulations adopted pursuant thereto, the prevailing party shall be entitled to recover the costs of the proceeding and Reasonable Attorneys' Fees as may be awarded by the court.
The monumental action which raises the issue began when the condominium association *651 filed a complaint against one of its unit owners, the appellant Kirou, and his tenants, the Gewirtzes, seeking to cancel his "Pet Agreement" and remove the offending animals on the ground that the Gewirtzes' dogs had disgraced themselves in and on the common elements. Kirou filed an answer and what was styled a "counterclaim" for a declaration that the rules and regulations invoked by the association did not apply to the instant situation. The trial judge granted the association's motion for judgment on the pleadings as to the counterclaim, but, after the trial, ruled for Kirou on the merits, holding that the association was not entitled to evict the dogs. Accordingly, he awarded Kirou $1,500.00 in attorneys' fees.[1] In the order now on review, however, he also assessed $1,350.00 in fees in Oceanside's favor because it had succeeded in respect to the counterclaim. We reverse.
It is clear to us that only Kirou was entitled to recover under the attorneys' fees provision in question. The "proceeding" below was one in which the association sought to get the dogs out, and Kirou tried to keep them in. When the dust  or whatever  had cleared, they were still there. Thus, notwithstanding the intermediate battle, or rather skirmish, over the counterclaim, which had no effect on the ultimate result,[2] Kirou plainly won, and the association plainly lost the war. It was therefore not the or even a "prevailing party" in the proceeding and thus should not have been awarded fees. Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980), and cases cited; see also, Steinhardt v. Eastern Shores White House Association, Inc., 413 So.2d 785 (Fla. 3d DCA 1982).
Reversed.[3]
NOTES
[1] The association does not challenge this award.
[2] While the appellee claims, and the trial court held that the counterclaim presented a separable controversy, there is no doubt that the position asserted could as well have been denominated an affirmative defense. If that had been the case, it would not have been even arguable that the association was entitled to fees. The result should not, however, turn upon mere questions of nomenclature. Moreover, and more important, pleading intricacies do not control the only issue before us, which is what is meant by the pertinent clause of the agreement.
[3] We are not uninfluenced by the hope that this result, as well as our own additional award of $1,500.00 against the association for appellate fees, will discourage the maintenance of such actions  of which "trivial" is a hyperbolic description  in courts already overburdened by matters which, unlike this, justify their attention.