426 So.2d 1290 (1983)
TOWER FORTY-ONE ASSOCIATION, Appellant,
v.
Helen LEVITT, Appellee.
No. 81-2642.
District Court of Appeal of Florida, Third District.
February 22, 1983.
*1291 Burton & Fisher and Peggy Fisher, Miami, for appellant.
Charles L. Neustein, Miami Beach, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
We find no error in a trial court prohibiting a condominium association from violating its own by-laws[1] by permitting a business (a real estate brokerage office)[2] and a religious display (a Succoh)[3] in or on the common element. White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1980); Hidden Harbour Estates, Inc. v. Basso, 393 So.2d 637 (Fla. 4th DCA 1981); Pepe v. Whispering Sands Condominium Association, Inc., 351 So.2d 755 (Fla. 2d DCA 1977). Therefore the final judgment granting injunctive relief is affirmed.
Affirmed.
JORGENSON, Judge, specially concurring.
I agree with the result reached in this case. I write separately only to suggest the need for a more appropriate forum for the resolution of disputes between unit owners and condominium associations. The procedures set forth in sections 718.112(2)(m) and 718.1255, Florida Statutes (Supp. 1982), though a step in the right direction, are insufficient to relieve the burden on the court system. I join Chief Judge Schwartz in pointing out that our courts are "already overburdened by matters which, unlike this, justify their attention," Kirou v. Oceanside Plaza Condominium Association, Inc., 425 So.2d 650 at 651 n. 3 (Fla. 3d DCA 1983).
NOTES
[1] The by-laws provide in part as follows: "No industry, business, trade, occupation or profession of any kind, commercial, religious, educational, or otherwise, shall be conducted, maintained, or permitted on any part of the property or in any condominium parcel..."
[2] We do not find that the broker was an indispensable party, Lyons v. King, 397 So.2d 964 (Fla. 4th DCA 1981); Backus v. Smith, 364 So.2d 786 (Fla. 1st DCA 1978) even if the issue was properly preserved, which in the instant case, it was not. Engel Mortgage Company, Inc. v. Dowd, 355 So.2d 1210 (Fla. 1st DCA 1977); Rule 1.140(b)(2), Florida Rules of Civil Procedure.
[3] A Succoh is used during the Jewish "Feast of Tabernacles" or Jewish holiday of Succoh wherein a small temporary shelter is built with closed sides and partially open to the sky. It is symbolic in nature and used to celebrate the Jewish holiday.