PER CURIAM.
In its final order the trial court directed the defendants, John and Connie Martin, to remove a certain platform or, in the alternative, to apply in the manner prescribed by the condominium by-laws to the condominium board of directors for approval of the platform. The board was further directed to approve the platform upon receipt of a proper timely application. The trial court concluded that the plaintiff-appellee condominium association, Key Largo Kampground, was the prevailing party and, therefore, entitled to attorney’s fees pursuant to section 718.303(1), Florida Statutes (1983). This record demonstrates that the only right Key Largo Kampground vindicated was its right to be asked. On these facts, Key Largo Kampground was not the prevailing party. See Kirou v. Oceanside Plaza Condominium Ass’n, 425 So.2d 650 (Fla. 3d DCA 1983). The order of the trial court determining the association to be the prevailing party is, accordingly,
REVERSED.[1]

. We remain hopeful, though not optimistic, that the legislature will provide a forum to settle disputes of this nature without employing the full panoply of trial and appellate procedures. See Tower Forty-One Ass'n v. Levitt, 426 So.2d 1290, 1291 (Fla. 3d DCA 1983) (Jorgenson, J., specially concurring); see also Kirou, 425 So.2d at 651 n. 3.