515 So.2d 1023 (1987)
F.V. SCUTTI a/k/a Dale Scutti, Appellant/Cross Appellee,
v.
DANIEL E. ADACHE & ASSOCIATES ARCHITECTS, P.A., Appellee/Cross Appellant.
No. 4-86-2227.
District Court of Appeal of Florida, Fourth District.
October 21, 1987.
Rehearing Denied December 9, 1987.
Mark S. Schecter of Schecter & Walkden, P.A., Fort Lauderdale, for appellant/cross appellee.
Catherine A. Gaudreau of McDermott, Will & Emery, Miami, for appellee/cross appellant.
DOWNEY, Judge.
Appellant, F.V. Scutti, an owner of certain property in Fort Lauderdale, Florida, entered into a contract with appellee, Daniel E. Adache & Associates (Adache), an architectural firm, for the design and construction supervision of a residence. Being dissatisfied with Adache's services, Scutti filed a petition for arbitration and to recover his damages. Adache filed a counterclaim for monies due under the contract and for defective and inadequate supervision. The arbitrator's award found against both claims and directed that each party bear the administrative fees of the American Arbitration Association. Scutti moved to clarify the award as to the entitlement to attorney's fees to which the arbitrator responded by written order that he intended the award as full settlement of all claims *1024 and counterclaims submitted for arbitration including costs and attorney's fees. Adache then petitioned the circuit court to vacate the clarification order, confirm the original award and declare Adache the prevailing party entitled to attorney's fees. From an order of the circuit court granting Adache's motion Scutti filed a notice of appeal, being Case No. 85-14. We dismissed that appeal as being premature and denied an application by each of the parties for an allowance of attorney's fees for said appellate proceeding, 480 So.2d 718. Upon remand, the trial court assessed an attorney's fee for Adache, but denied its motion to include therein a fee for the aforesaid appellate proceedings. Scutti has appealed from the latter order, contending the trial court erred in 1) determining Adache was the prevailing party in arbitration and thus entitled to attorney's fees, and 2) in vacating the arbitrator's clarification award or order. Adache cross appealed the trial court's refusal to award Adache attorney's fees for the premature appellate proceeding brought by Scutti.
There appears to be no end to the myriad situations involving the right to prevailing party attorney's fees. Fortunately, a number of different scenarios have been treated in the Florida cases, including what might otherwise be called a Mexican stand-off as we have here: a plaintiff's complaint for damages and a defendant's counterclaim for money due for services under the contract and the trier of fact deciding against both parties. Under such circumstances the rule established by the cases seems to be that, where a plaintiff loses on his complaint, the defendant is the prevailing party whether he is a successful counterclaimant or not. Thus, in Kirou v. Oceanside Plaza Condominium Association, 425 So.2d 650 (Fla. 3d DCA 1983), a condominium association sued a unit owner to cancel a "pet agreement" and require removal of the offending animals. The unit owner counterclaimed for a declaration that the rules and regulations invoked by the association did not apply to the instant situation. The court granted the association's motion for judgment on the pleadings as to the counterclaim, but, after trial on the complaint, ruled for the unit owner on the merits. The trial court awarded $1,500 in attorney's fees to the unit owner, but also awarded $1,350 to the association because it succeeded in respect to the counterclaim. On appeal, the district court reversed the award of fees to the association and affirmed the award to the unit owner. The court pointed out that:
The "proceeding" below was one in which the association sought to get the dogs out, and Kirou tried to keep them in. When the dust  or whatever  had cleared, they were still there. Thus, notwithstanding the intermediate battle, or rather skirmish, over the counterclaim, which had no effect on the ultimate result, Kirou plainly won, and the association plainly lost the war. [Footnote omitted.]
425 So.2d at 651. Thus, even though the unit owner was unsuccessful on his counterclaim, his success in defeating the association's complaint makes him the prevailing party.
In McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA 1983), the seller of a restaurant (McKelvey) sued the buyer thereof (Kismet) in two counts, 1) to foreclose his security interest and 2) for unlawful detainer. Kismet filed a counterclaim alleging causes of action for violations of the federal banking code, breach of contract, fraud and misrepresentation and declaratory relief. The trial court dismissed the unlawful detainer count of the complaint and appellate proceedings were unsuccessfully pursued. While the appellate proceedings involving dismissal of the unlawful detainer were pending McKelvey voluntarily dismissed the foreclosure count. Kismet then moved for an allowance of attorney's fees as the prevailing party vis-a-vis McKelvey's complaint, which was granted in the amount of $12,280.50. McKelvey appealed from said order, contending, among other things, that Kismet had not yet prevailed because Kismet's counterclaim remained pending. However, the appellate court rejected this argument because voluntary dismissal of the remaining counts of plaintiff's complaint terminated *1025 the action alleged therein and entitled the successful party to his costs, including attorney's fees if recoverable immediately. Fla.R.Civ.P. 1.420. With regard to the effect of Kismet's counterclaim on the determination of the "prevailing party" the court said:
We conclude that Kismet was the prevailing party in the contract dispute since it won in the main action: Count II was involuntarily dismissed with prejudice for failure to state a cause of action and all appellate attempts to reverse the decision were unsuccessful, and Count I was voluntarily dismissed, and the term "prevailing party" is applicable to a defendant against whom a voluntary dismissal is taken. Moreover, pendency of the counterclaim does not alter this result, for even if appellants were to succeed on appellee's counterclaim, at most they will clearly win only a battle while still losing the war. See Kirou v. Oceanside Plaza Condominium Association, Inc., 425 So.2d 650 (Fla. 3d DCA 1983). Accordingly, we find that Kismet was the "prevailing party" in this litigation for the purpose of recovery of attorney's fees and costs under the contract between the parties... . [Footnote omitted.]
430 So.2d at 922. See also cases contained in Annotation, Dismissal of Plaintiff's Action as Entitling Defendant to Recover Attorneys' Fees or Costs as "Prevailing Party" or "Successful Party", 66 A.L.R.3d 1087, § 6 (1975), wherein the general rule appears to be that, upon dismissal of both the complaint and counterclaim, the defendant is the prevailing party.
In view of the foregoing, we hold that Adache was entitled to attorney's fees as the prevailing party due to his successful defense against Scutti's complaint for damages.
Scutti also assigns as error the action of the circuit court in vacating that part of the arbitrator's award that purported to deny attorney's fees to either party. There is no merit in this argument because an arbitrator has no jurisdiction to award or deny attorney's fees arising out of an arbitration proceeding. Loxahatchee River Environmental Control District v. Guy Villa & Sons, Inc., 371 So.2d 111 (Fla. 4th DCA 1978).
As indicated earlier, Adache filed a cross appeal contending the trial court erred in refusing to award him attorney's fees for the appellate proceeding instituted by Scutti which was dismissed as premature. Absent a remand from an appellate court, a trial court lacks authority to award appellate attorney's fees. Hornsby v. Newman, 444 So.2d 90 (Fla. 4th DCA 1984); Gernat v. Gernat, 378 So.2d 339 (Fla. 4th DCA 1980); Howell v. Howell, 183 So.2d 261 (Fla. 2d DCA 1966). Although the determination of the amount thereof is often decided by the trial court after remand with instructions, the determination vel non is the prerogative of the appellate court. However, in this case not only was there no award by this court in the prior appellate proceeding, there was in fact a denial thereof. Both parties sought attorney's fees in the proceeding and both were denied by order of the court dated January 8, 1986.
Accordingly, the judgment appealed from is affirmed.
LETTS, J., and LINDSEY, HUBERT R., Associate Judge, concur.