PER CURIAM.
We conclude that the plaintiff Village of Kings Creek Condominium Association was not, as urged, the prevailing party in this litigation and therefore was not entitled to an award of attorney’s fees under Section 718.303(1), Florida Statutes (1989); we accordingly affirm the order under review denying such attorney’s fees.
Contrary to the plaintiff’s argument, the equitable relief fashioned by the trial court below was considerably different from that requested by the plaintiff. The plaintiff sought an injunction requiring the defendant Ellen Goldberg to remove a certain metal screening which had been installed on the balcony of the defendant’s condominium balcony to keep out ducks and rodents who were defecating on defendant’s outdoor carpeted terrace. The trial court struck a Solomon-like-compromise solution to this case by allowing the defendant to plant shrubbery and bushes along the defendant’s balcony railing so as to keep out the offending ducks and rodents, thereby making the metal screen unnecessary which was ordered removed. It is therefore clear that the defendant was, in essence, the prevailing party in this controversy, not the plaintiff, as she was allowed to alter her condominium unit to protect herself against the invading ducks and rodents — which was the central issue tried below. See 51 Island Way Condominium Assoc. v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984), rev. denied, 476 So.2d 676 (Fla.1985); Martin v. Key Largo Kampground, Inc., 501 So.2d 648 (Fla. 3d DCA 1986).
Affirmed.