THREADGILL, Acting Chief Judge.
In this administrative appeal, Consumer Credit Counseling Service (CCCS) challenges a final order of the Department of Revenue which rejects the hearing officer’s conclusions of law and denies CCCS’s application for sales tax exemption. Because the department’s interpretation of section 212.08(7)(o), Florida Statutes (1995), is not clearly erroneous, we affirm.
Section 212.08(7)(o) makes charitable institutions exempt from sales and use taxes. Charitable institutions are defined in section 212.08(7)(o)2.b., as nonprofit corporations with the sole or primary function to provide, or to raise funds for organizations that provide, certain services enumerated in the statute. The services provided by CCCS could only qualify under one of the enumerated categories: “Social welfare services including adoption placement, child care, community care for the elderly, and other social welfare services which clearly and substantially benefit a client population which is disadvantaged or suffers a hardship.” § 212.08(7)(o)2.b. (IV), Fla. Stat. (1995). CCCS’s primary functions are budget counseling, educational programs, debt management, and referrals to other agencies. The department concluded that CCCS does not provide “social welfare services” as that term is defined by section 212.08(7).
Exemptions in taxing statutes are to be strictly construed against the taxpayer. State Dept. of Revenue v. Anderson, 403 So.2d 397 (Fla.1981). The “administrative construction of a statute by the agency or body charged with its administration is entitled to great weight and will not be overturned unless clearly erroneous.” Fort Pierce Util. Auth. v. Florida Public Service Comm’n, 388 So.2d 1031, 1035 (Fla.1980).
CCCS claims that the term “social welfare services” is clear and unambiguous and, thus, the department should not have engaged in statutory construction. The term “social welfare services” as used in section 212.08(7) has not been defined in *261 Florida’s statutes or case law. The term has been used in regulations concerning tax-exempt organizations for federal tax purposes. Even in that context, there is no precise definition of the term. Bruce R. Hopkins, The Law of Tax-Exempt Organizations § 28.1 (6th ed.1992). The Internal Revenue Service has ruled that a consumer credit counseling service qualified as a tax-exempt social welfare organization for federal income tax purposes where its activities contributed to the betterment of the community as a whole. Rev. Rul. 65-299, 1965-2 C.B. 165. The federal regulations, however, make “social welfare” commensurate with “common good and general welfare” and “civic bet-terments and social improvements.” Hopkins, supra. Section 212.08(7), on the other hand, contemplates services “which clearly and substantially benefit a client population which is disadvantaged or suffers a hardship.” These different uses of the term “social welfare” illustrate that it is susceptible to more than one meaning.
Because the term “social welfare services” does not have a common meaning and is not clearly defined in section 212.08, the department was entitled to apply its construction to the term. In doing so, it applied the maxim ejusdem generis: “where an enumeration of specific things is followed by some more general word, the general word will usually be construed to refer to things of the same kind or species as those specifically enumerated.” Green v. State, 604 So.2d 471 (Fla.1992). The department concluded that services such as “adoption placement, child care, [and] community care for the elderly,” enumerated in section 212.08(7)(o)2.b.(IV), ensure the survival of individuals otherwise unable to provide for themselves, and those services save state resources, thereby justifying a tax exemption. The department found that GCCS’s services are not of that same kind or species. CCCS has cited no authority, and we have found none, to indicate that this construction of the statute is clearly erroneous. We therefore affirm.
Affirmed.
BLUE, J., concurs.
ALTENBERND, J., concurs specially with an opinion in which BLUE, J., concurs.