The Honorable Mike Wells Pasco County Property Appraiser Post Office Box 401 Dade City, Florida 33526-0401
Dear Mr. Wells:
You ask the following questions:
1. May property that has been conveyed to a homeowners' association be assessed as a common element pursuant to section 193.0235, Florida Statutes?
2. May property which is used by those who pay a fee, such as a golf course, regardless of whether such individuals are property owners within a subdivision, be classified as a common element subject to assessment pursuant to section 193.0235, Florida Statutes?
3. Is the definition for common element in section 193.0235(2), Florida Statutes, exclusive?
Questions One and Two
You state that several golf course communities in Pasco County have transferred ownership of their golf course facilities to their related homeowners' associations. In two of the three cases, the golf courses were not designated on the subdivision plats as common elements or community areas. All of the courses are open to public play, requiring fees by both homeowners and outside visitors. You assume that since course maintenance is paid from the same source of funds as is used for community maintenance at large, any mandatory homeowners' association fees would increase, absent any fees collected by the golf club.
There appears to be some question as to whether the transfer of the golf course to the homeowners' association would alter the nature of the property such that it may not be considered a common element of the subdivision for assessment purposes.
Section 193.0235, Florida Statutes, provides:
"(1) Ad valorem taxes and non-ad valorem assessments shall be assessed against the lots within a platted residential subdivision and not upon the subdivision property as a whole. An ad valorem tax or non-ad valorem assessment, including a tax or assessment imposed by a county, municipality, special district, or water management district, may not be assessed separately against common elements utilized exclusively for the benefit of lot owners within the subdivision, regardless of ownership. The value of each parcel of land that is or has been part of a platted subdivision and that is designated on the plat or the approved site plan as a common element for the exclusive benefit of lot owners shall, regardless of ownership, be prorated by the property appraiser and included in the assessment of all the lots within the subdivision which constitute inventory for the developer and are intended to be conveyed or have been conveyed into private ownership for the exclusive benefit oflot owners within the subdivision.
(2) As used in this section, the term "common element" includes: (a) Subdivision property not included within lots constituting inventory for the developer which are intended to be conveyed or have been conveyed into private ownership. (b) An easement through the subdivision property, not including the property described in paragraph (a), which has been dedicated to the public or retained for the benefit of the subdivision. (c) Any other part of the subdivision which has been designated on the plat or is required to be designated on the site plan as a drainage pond, or detention or retention pond, for the exclusive benefit of the subdivision." (e.s.)
Thus, a "common element," as defined in the statute, may include subdivision property that is not included in lots held by the developer as inventory to be conveyed or lots that have been conveyed into private ownership. Such property may not be assessed separately, however, when such elements are used exclusively for the benefit of lot owners in the subdivision.
In Attorney General Opinion 99-12, this office was asked whether property owned by a condominium association and used for commercial purposes could qualify as a common element defined in section 718.108, Florida Statutes. That statute, not unlike section 193.0235, Florida Statutes, defined "common elements" to include "condominium property which is not included within the units"[1] and further provided that "[t]he declaration [of condominium] may designate other parts of the condominium property as common elements."[2] Finding no exclusion in the statute for the commercial use of property that would otherwise fall within the definition of a common element and citing to Florida case law recognizing that common elements may be used commercially,[3] this office concluded that condominium real property that meets the definition of "common element" under section 718.108, Florida Statutes, may be used for commercial purposes and retain its common element characteristic for assessment purposes.
Section 718.120, Florida Statutes, prescribes the manner in which condominium parcels are assessed for ad valorem taxes, benefit taxes, and special assessments, and contains language similar to that in section193.0235, Florida Statutes. One important distinction, however, is the prohibition against the separate assessment of "recreational facilities or other common elements if such facilities or common elements are owned by the condominium association or are owned jointly by the owners of the condominium parcels."[4] The statute contains no restriction that the common element be used exclusively for the benefit of the condominium owners.
For purposes of assessing the property in the instant situation, however, section 193.0235(1), Florida Statutes, requires that such property be used exclusively for the benefit of lot owners within the subdivision before it may be assessed as a common element with the assessment prorated among all lot owners within the subdivision. The situations you have described do not appear to involve the exclusive use of the golf courses by the lot owners in the subdivision, since the general public may play the course by paying a fee.
This office has previously addressed whether a common element includes any property in a subdivision plat or site plan intended to benefit lot owners that is not a lot either sold into private ownership or held by the developer as inventory for sale, regard-less of the ownership of such property.[5] Citing the plain language of section 193.0235, Florida Statutes, prohibiting separate assessments against common elements used exclusively for the benefit of lot owners within a subdivision and the need to refer to the subdivision plat or site plan to determine whether property is a common element, this office concluded that a property appraiser must be able to determine that property is used exclusively for the benefit of lot owners, regardless of ownership, before prorating the assessment among all lot owners within a subdivision.
While taxing statutes are strictly construed against taxing authorities, exemptions are strictly construed against taxpayers.[6] A claimed exemption must be proved by clear evidence.[7] While the situation at hand does not involve an exemption from taxation, it does involve shifting the burden of paying a tax or assessment, such that the rationale for requiring clear evidence of compliance with the statute's provisions would apply. Thus, in this instance, it would appear that before the golf course may be assessed on a prorated basis among all of the individual lot owners within the subdivision, it must be shown that its use is exclusively for the benefit of lot owners within the subdivision. Otherwise, the individual lot owners would bear the burden of taxation or special assessments on property that benefits others.
Accordingly, it is my opinion that a golf course that is open to the general public for play for a fee may not be classified as a common element of a subdivision for the exclusive benefit of the lot owners within the subdivision for purposes of prorating assessments among the lot owners.
Question Three
Where the Legislature has prescribed the manner in which a thing is to be done or, in this case, specified the manner in which a property is to be assessed by the property appraiser, it operates, in effect, as a prohibition against its being done in any other manner.[8] The Legislature has defined "common element" for purposes of section 193.0235, Florida Statutes, and provided a fairly expansive definition to include property that is designated as a drainage, detention, or retention pond on the plat or site plan exclusively for the use of the subdivision, an easement dedicated to the public or retained for the benefit of the subdivision, or any property that is not in the inventory of lots intended to be conveyed or that have been conveyed to private individuals. It would appear clear, however, that such property, with the exception of an easement dedicated to the public, must be used exclusively for the benefit of the subdivision's lot owners before its assessment may be prorated among the subdivision's lot owners.
The provisions in subsections (1) and (2) of section 193.0235, Florida Statutes, must be read together, and the enumeration of property in subsection (2) would appear to limit the type of property that may be classified as a common element for purposes of assessments by the property appraiser.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 718.108(1)(a), Fla. Stat.
[2] Section 718.108(2), Fla. Stat.
[3] See Tower Forty-One Association v. Levitt, 426 So.2d 1290 (Fla. 3rd DCA 1983) (real estate brokerage office in common element).
[4] Section 718.120(1), Fla. Stat.
[5] Op. Att'y Gen. Fla. 2003-63 (2003).
[6] See Department of Revenue v. Bank of America, N.A., 752 So.2d 637
(Fla. 1st DCA 2000), review denied, 776 So.2d 274 (Fla. 2000) (statutes authorizing tax refunds or exemptions must be strictly construed);Consumer Credit Counseling Service of the Florida Gulf Coast, Inc. v.State, Department of Revenue, 742 So.2d 259 (Fla. 2d DCA 1997); State,Department of Revenue v. Anderson, 403 So.2d 397 (Fla. 1981).
[7] See Green v. Pederson, 99 So.2d 292 (Fla. 1957), and United StatesGypsum Company v. Green, 110 So.2d 409 (Fla. 1959) (person seeking exemption bears the burden of establishing by clear evidence and law that he or she qualifies for the exemption, with all doubt resolved against the existence of the exemption).
[8] See Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (where Legislature prescribes the mode, that mode must be observed).