Dear Mr. Johnson:
As Property Appraiser for Seminole County, Florida, you have asked for my opinion on substantially the following questions:
1. Whether a golf course that is located within a platted residential subdivision can be taxed or assessed as a "common element" pursuant to section 193.0235, Florida Statutes, if the golf course, which continues to be owned and controlled by the developer (or a successor developer) of the subdivision, has been designated on the plat, approved site plan, or otherwise as a "common element for the exclusive benefit of lot owners?"
2. To qualify as a "common element" for purposes of section 193.0235, Florida Statutes, must the property be actually and exclusively used by the lot owners of the subdivision or simply be designated on the plat, approved site plan, or otherwise as a "common element for the exclusive benefit of lot owners?"
In sum:
1. So long as the golf course, located within a platted subdivision and designated on the plat, approved site plan or otherwise as a "common element for the exclusive benefit of lot owners," is not included within the lots that constitute inventory for the developer which inventory is intended to be privately owned or is currently privately owned, such property would appear to qualify as a "common element" for proration of taxes pursuant to section 193.0235, Florida Statutes.
2. In order to qualify as a "common element" for purposes of section193.0235, Florida Statutes, a golf course must be actually and exclusively used by the lot owners of the subdivision and be designated on the plat, approved site plan, or otherwise as a "common element for the exclusive benefit of lot owners."
As background to your request for an opinion, you have advised this office that there are a number of residential subdivisions within Seminole County that contain a golf course. In some of these, the golf course continues to be owned and controlled by the developer (or a successor developer) of the subdivision and the developer has the right to assess the lot owners for the maintenance of the golf course. In other subdivisions, ownership of the golf course has been transferred to a homeowners' association or other community association along with the right to assess the lot owners for the maintenance of the golf course. In most instances, the governing documents for these subdivisions do not require that the golf course be considered or treated as a "common area" or a "common element." In some instances, the governing documents provide that the purchase of a lot within the subdivision does not confer upon the lot owner any right to the continued operation of the golf course or the right to use the golf course. Nonetheless, in most instances, the golf courses in these subdivisions have been designated on the plat or approved site plan as a common element for the exclusive benefit of lot owners within the subdivision.
Question One
Section 193.0235, Florida Statutes, was created by section 4, Chapter2003-284, Laws of Florida, and is entitled "[a]d valorem taxes and non-ad valorem assessments against subdivision property." The statute provides that:
"(1) Ad valorem taxes and non-ad valorem assessments shall be assessed against the lots within a platted residential subdivision and not upon the subdivision property as a whole. An ad valorem tax or non-ad valorem assessment, including a tax or assessment imposed by a county, municipality, special district, or water management district, may not be assessed separately against common elements utilized exclusively for the benefit of lot owners within the subdivision, regardless of ownership. The value of each parcel of land that is or has been part of a platted subdivision and that is designated on the plat or the approved site plan as a common element for the exclusive benefit of lot owners shall, regardless of ownership, be prorated by the property appraiser and included in the assessment of all the lots within the subdivision which constitute inventory for the developer and are intended to be conveyed or have been conveyed into private ownership for the exclusive benefit of lot owners within the subdivision.
(2) As used in this section, the term "common element" includes:
(a) Subdivision property not included within lots constituting inventory for the developer which are intended to be conveyed or have been conveyed into private ownership.
(b) An easement through the subdivision property, not including the property described in paragraph (a), which has been dedicated to the public or retained for the benefit of the subdivision.
(c) Any other part of the subdivision which has been designated on the plat or is required to be designated on the site plan as a drainage pond, or detention or retention pond, for the exclusive benefit of the subdivision."
Therefore, pursuant to section 193.0235, Florida Statutes, ad valorem taxes or non-ad valorem assessments by a county, municipality, special district, or water management district may not be assessed separately against common elements utilized exclusively for the benefit of lot owners within the subdivision. The value of parcels of land that are part of a platted subdivision that are designated on the plat or on the approved site plan as a common element for the exclusive benefit of lot owners must be prorated by the property appraiser and added to the assessment of all the lots within the subdivision.
As this office noted in Attorney General Opinion 2003-63, the statute defines a "common element" as subdivision property not included in the inventory of lots intended to be sold or that have been sold to private owners, easements that have been dedicated to the public or retained for the benefit of the subdivision, and any other part of the subdivision designated on the plat or the site plan as a drainage pond, or detention or retention pond, for the exclusive use of the subdivision. In plain terms the statute includes as a common element any subdivision property not already sold or that is intended to be sold into private ownership, that is designated on the plat or plan as a common element.
Therefore, a golf course, regardless of ownership, would come within the scope of section 193.0235, Florida Statutes, for purposes of prorated taxes or assessments, if that property:
"1. is designated on a plat or approved site plan as a common element for the exclusive benefit of lot owners; and
2. is subdivision property but is not included within the lots that constitute inventory for the developer which inventory is intended to be or is privately owned."
Your letter advises that the subject property is located within a platted residential subdivision, is owned or controlled by the developer or a successor developer of the subdivision, and is designated on a plat or approved site plan or otherwise as a "common element for the exclusive benefit of lot owners."
Applying the statutory criteria to your description, it is my opinion that, so long as the golf course is not included within the lots that constitute inventory for the developer which inventory is intended to be privately owned or is currently privately owned, such golf course property would appear to qualify as a "common element" for proration of taxes pursuant to section 193.0235, Florida Statutes.
Question Two
Your second question relates to several previously issued Attorney General Opinions and asks whether the property must actually be used exclusively by the lot owners of the subdivision or whether the designation of the property as a "common element for the exclusive benefit of lot owners" is sufficient to claim the entitlement to prorated taxes or assessments.
Section 193.0235(1), Florida Statutes, states that ad valorem taxes or non-ad valorem assessments may not be assessed separately against common elements of subdivision property that are "utilized exclusively for the benefit of lot owners within the subdivision." This is the case regardless of ownership of the actual common element property.
In Attorney General Opinion 2003-63, this office addressed whether a common element includes any property in a subdivision plat or site plan intended to benefit lot owners that is not a lot either sold into private ownership or held by the developer as inventory for sale, regardless of the ownership of such property. Citing the plain language of section 193.0235, Florida Statutes, prohibiting separate assessments against common elements used exclusively for the benefit of lot owners within a subdivision and the need to refer to the subdivision plat or site plan to determine whether property is a common element, this office concluded that a property appraiser must be able to determine that property is used exclusively for the benefit of lot owners, regardless of ownership, before prorating the assessment among all lot owners within a subdivision.
Subsequently, in Attorney General Opinion 2004-31, this office considered whether a golf course for which a user fee is charged (regardless of whether the users are property owners within a subdivision) could be classified as a common element under section193.0235, Florida Statutes. As that opinion notes, "[f]or purposes of assessing the property in the instant situation. . .section 193.0235(1), Florida Statutes, requires that such property be used exclusively for the benefit of lot owners within the subdivision before it may be assessed as a common element with the assessment prorated among all lot owners within the subdivision." The opinion recognizes that taxing statutes are strictly construed against taxing authorities, while exemptions are strictly construed against taxpayers.[1] An exemption that has been claimed must be proved by clear evidence.[2] While the provisions of section 193.0235, Florida Statutes, do not represent an exemption from taxation, they do involve a shifting of the burden of paying a tax or assessment, and the rationale for requiring clear evidence of compliance with the statute's provisions would apply. Thus, the 2004 opinion states that "it would appear that before the golf course may be assessed on a prorated basis among all of the individual lot owners within the subdivision, it must be shown that its use is exclusively for the benefit of lot owners within the subdivision." To conclude otherwise would place the burden of taxation or special assessments upon individual lot owners when the property is used and enjoyed by others. Attorney General Opinion 2004-31 concludes that "a golf course that is open to the general public for play for a fee may not be classified as a common element of a subdivision for the exclusive benefit of the lot owners within the subdivision for purposes of prorating assessments among the lot owners."
It continues to be the opinion of this office that, before a golf course may be assessed on a prorated basis and that assessment imposed on all of the individual lot owners within a subdivision, it must be shown that it is used exclusively for the benefit of the lot owners within the subdivision. That is, in order to qualify as a "common element" for purposes of section 193.0235, Florida Statutes, a golf course must not only be designated on the plat or approved site plan as a common element for the exclusive benefit of lot owners but be used exclusively by those lot owners. My reading of this language would consider the use of such property by the guests and relatives of lot owners as a benefit to the lot owners without jeopardizing the exclusivity of such use.
In sum, it is my opinion that to qualify as a "common element" for purposes of section 193.0235, Florida Statutes, a golf course must be actually and exclusively used by the lot owners of the subdivision and be designated on the plat, approved site plan, or otherwise as a "common element for the exclusive benefit of lot owners."
Sincerely,
Bill McCollum
Attorney General
BM/tgh
[1] See Department of Revenue v. Bank of America, N.A., 752 So. 2d 637
(Fla. 1st DCA 2000), review denied, 776 So. 2d 274 (Fla. 2000) (statutes authorizing tax refunds or exemptions must be strictly construed);Consumer Credit Counseling Service of the Florida Gulf Coast, Inc. v.State, Department of Revenue, 742 So. 2d 259 (Fla. 2d DCA 1997); State,Department of Revenue v. Anderson, 403 So. 2d 397 (Fla. 1981).
[2] See Green v. Pederson, 99 So. 2d 292 (Fla. 1957) and United StatesGypsum Company v. Green, 110 So. 2d 409 (Fla. 1959) (person seeking exemption bears the burden of establishing by clear evidence and law that he or she qualifies for the exemption, with all doubt resolved against the existence of the exemption).