PER CURIAM.
Leon F. Cohn, M.D., P.A. (“Cohn”), appeals a final judgment entered upon a jury verdict in its favor on a breach of contract claim against Visual Health and Surgical Center, Inc. (“Visual Health”), and in favor of Visual Health on its “money had and received” claim. Cohn also appeals an order finding that Cohn was not entitled to fees and costs. We affirm the final judgment in all respects but reverse the order finding that Cohn was not entitled to fees and costs.
Dr. Cohn agreed to sell his ophthalmology practice to Visual Health. Pursuant to the agreement, Dr. Cohn would continue to practice medicine, but Visual Health would take over the operation and management of the practice. At the time of the sale, the parties simultaneously executed both an Asset Purchase Agreement (“APA”) as well as a Comprehensive Service Agreement (“CSA”). Under the terms of the APA, Visual Health agreed to buy the assets of the practice. Under the CSA, Visual Health agreed to manage and administer the practice. The APA contained a provision for prevailing party’s attorney’s fees; the CSA did not.
The relationship between the parties soured when Cohn’s practice failed to generate the kind of profits that both parties expected when they entered into the agreement. Ultimately, Cohn purchased the practice back from Visual Health. About two years later, Cohn filed suit against Visual Health for breach of contract, alleging mismanagement of the practice. Visual Health counterclaimed for breach of contract and later amended its counterclaim to include a claim for money had and received. The money had and received claim sought the return of excess funds Cohn allegedly received in advance against expected earnings. Visual Health offered to settle the claim with Cohn, but Cohn declined the offer. A trial followed, and the jury found that Visual Health had breached its contractual obligations to Cohn, but that Cohn was in possession of funds which, in good conscience, had to be returned to Visual Health.
Both parties moved for attorney’s fees after the final judgment was entered. Cohn claimed entitlement as the prevailing party under the contracts. Visual Health claimed entitlement pursuant to Florida’s Offer of Judgment Statute, section 768.79, Florida Statutes (1997). The trial court found that both parties had prevailed on their claims and held that both parties were entitled to any fees or costs for which they could establish a contractual or statutory basis. On rehearing, however, the trial court reversed its original order and held that Cohn was not entitled to attorney’s fees because the net judgment Cohn received was less than seventy-five percent of the offer of settlement proposed by Visual Health. This appeal followed.
At the outset, we agree with the trial court’s original finding that Cohn was entitled to prevailing party’s attorney’s *863 fees on the breach of contract claim. The CSA and APA were executed by the same parties at the same time and referenced each other. Both documents dealt with the same overarching transaction and should be construed together as a single contract. The attorney’s fee provision in the APA was not expressly limited to a breach of the APA, but applied to any “dispute between the parties resulting] in litigation.” The attorney’s fee provision was thus part of the agreement between the parties. See Citicorp Real Estate, Inc. v. Ameripalms 6B GP, Inc., 633 So.2d 47, 49 (Fla. 3d DCA 1994) (“The law is well established that two or more documents executed by the same parties, at or near the same time, and concerning the same transaction or subject matter are generally construed together as a single contract.”); Popwell v. Abel, 226 So.2d 418, 421 (Fla. 4th DCA 1969) (“Where one instrument is given contemporaneously with another, stated simply, as part of the same transaction and each refers to each other, then they should be considered together in determining their meaning and effect.”).
Because Cohn prevailed on the breach of contract claim and the contract contained a provision awarding attorney’s fees to the prevailing party, we reverse and remand for the trial court to reconsider the issue of Cohn’s entitlement to fees after conducting an evidentiary hearing to determine the total net judgment, which shall include the amount of fees and taxable costs incurred by Cohn in litigating the breach of contract claim up to the date of the offer. See State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1074-75 (Fla.2006); see also White v. Steak & Ale of Fla., Inc., 816 So.2d 546, 551 (Fla.2002) (“Thus, in calculating the ‘judgment obtained’ for purposes of determining whether the party who made the offer is entitled to attorneys’ fees, the court must determine the total net judgment, which in-eludes the plaintiffs taxable costs up to the date of the offer, and, where applicable, the plaintiffs attorneys’ fees up to the date of the offer.”).
Although the trial court held that Cohn was the prevailing party on the breach of contract claim, the trial court also held that Visual Health was the prevailing party on its counterclaim for money had and received because its claim was separate and distinct from Cohn’s claim for breach of contract. “Florida law permits more than one prevailing party in a single lawsuit where each of the claims that support a fee award is ‘separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong.’ ” Fidelity Warranty Servs., Inc. v. Firstate Ins. Holdings, Inc., 98 So.3d 672, 677 (Fla. 4th DCA 2012) (quoting Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986), superseded by rule on other grounds as stated in E & A Produce Corp. v. Superior Garlic Int’l, Inc., 864 So.2d 449 (Fla. 3d DCA 2003)). Based upon the facts of this case, the trial court erred by finding that there was more than one prevailing party in this suit.
“The determination of whether multiple claims within a lawsuit are separate and distinct for purposes of attorney’s fees is a matter of law to be reviewed de novo.” Avatar Dev. Corp. v. DePani Const., Inc., 883 So.2d 344, 345 (Fla. 4th DCA 2004) (citing Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002)). “[T]he ‘logical relationship test’ is the yardstick for measuring whether a claim is compulsory.” Londono v. Turkey Creek, Inc., 609 So.2d 14, 20 (Fla.1992). A claim is logically related to the original claim if “the same aggregate of operative facts serves as the basis of both claims,” or “the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that *864 would otherwise remain dormant.” Id. (quoting Neil v. S. Fla. Auto Painters, Inc., 397 So.2d 1160, 1164 (Fla. 3d DCA 1981)).
“Generally, when an action for breach of contract contains alternative theories of liability for the same wrong, rather than separate and distinct claims, only one party can prevail in the same lawsuit.” Anglia, 830 So.2d at 171 (citing Lucite Ctr., Inc. v. Mercede, 606 So.2d 492, 493 (Fla. 4th DCA 1992); Reinhart v. Miller, 548 So.2d 1176, 1177 (Fla. 4th DCA 1989)). In this case, both parties relied upon “the same aggregate of operative facts” in proving their claims for economic losses. Al though Visual Health’s claim for money had and received arose outside of provisions contained in the APA and CSA, its claim was tied to the same facts that the parties relied upon in prosecuting and defending their causes of action for breach of contract.
“When one party loses in an action for breach of contract, the adverse party is the prevailing party.” Point E. Four Condo. Corp., Inc. v. Zevuloni & Assocs., Inc., 50 So.3d 687, 688 (Fla. 4th DCA 2010) (citing Scutti v. Daniel E. Adache & Assoc. Arch. P.A., 515 So.2d 1023, 1024 (Fla. 4th DCA 1987)). Notwithstanding Visual Health’s counterclaim in quasi-contract, the issue in this case was which party bore the blame for the medical practice’s decline. The jury found that Visual Health was responsible, thus making Cohn the prevailing party in this litigation. See Scutti, 515 So.2d at 1024.

Affirmed in part; Reversed in part; and Remanded.

MAY, C.J., TAYLOR and CONNER, JJ., concur.