DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION** a/k/a **USAA, MELANIE MANZO-PIANELLI** and **ALANA PROCTOR,**
Appellees.

No. 4D14-1183

[September 16, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 09-57134CACE(12).

Sharon C. Degnan of Kubicki Draper, Fort Lauderdale, for appellant.

Charles M-P George of Law Offices of Charles M-P George, Coral Gables, and Christopher Wadsworth and Daniel L. Margrey of Wadsworth Huott, LLP, Miami, for appellee United Services Automobile Association a/k/a USAA.

MAY, J.

Allstate Insurance Company ("Allstate") appeals a final summary judgment in favor of United Services Automobile Association ("USAA") that determined the priority of coverage between the insurers. Allstate argues the trial court erred in entering summary judgment for USAA because its pleadings and motion requested a priority in coverage different than that argued at the hearing and determined by the trial court. We agree the trial court correctly determined the priority of coverage, but that did not entitle USAA to a summary judgment in its favor. We therefore reverse.

The underlying accident occurred in 2007 when the permissive driver of a car owned by another was involved in an automobile accident. The car's owner had a State Farm insurance policy that provided $100,000 in coverage, and an Allstate umbrella policy that provided $1,000,000 in coverage and required the owner to maintain underlying limits of $250,000

per person. USAA provided uninsured motorist's ("UM") coverage to the injured person.

State Farm tendered its $100,000 policy limits to the injured person, who executed a partial release in favor of the car owner. The injured person then sought to recover from the car owner's Allstate umbrella policy. Allstate denied coverage.

As a result, the injured person filed a complaint against her UM insurer, USAA. This caused USAA to file a third-party complaint against Allstate, the injured person, and the permissive driver. The complaint sought a declaration that Allstate's umbrella policy applied before USAA's UM policy.[1]

USAA filed a second amended complaint "to determine the legal rights and responsibilities of all parties; to determine the priority of coverage; and to determine any applicable offsets." USAA alleged that:

(1) Allstate stands in line before USAA's UM coverage; and

(2) USAA seeks a declaration that the priority of coverage should be Allstate first and USAA last.

Allstate answered and asserted affirmative defenses, moved to dismiss, and counterclaimed for declaratory relief.[2]

USAA moved for summary judgment against Allstate, and argued that Allstate's umbrella policy provided coverage before USAA's UM policy. Allstate responded that the car owner's failure to carry the required $250,000 limits in underlying coverage created a $150,000 gap in liability coverage, and that gap was uninsured, thereby triggering USAA's UM policy.[3] Allstate asked the court to deny USAA's motion for summary judgment.

---

[1] In July 2012, the injured person amended her complaint to add a cause of action against the permissive driver, but no one sued the car's owner.

[2] During the third-party complaint litigation, USAA moved for attorney's fees and costs as a sanction, pursuant to section 57.105, Florida Statutes (2014).

[3] Allstate also argued that it did not have coverage under its umbrella policy because neither the car's owner nor his estate was ever named in the action.

Notwithstanding its consistent position throughout the litigation that Allstate's policy applied before USAA's policy, USAA admitted at the summary judgment hearing that its policy provided coverage for the $150,000 gap before Allstate's umbrella policy kicked in:

> [W]e believe that State Farm, who was the underlying tortfeasor's auto policy, is the first hundred thousand dollars. Thereafter, there's a gap in coverage from that $100,000 up to $250,000. We believe that the UM carrier, which is USAA, bridges that gap because there is no other available coverage. Doesn't exist. After $250,000, Allstate's umbrella policy kicks in.

USAA then argued that the priority dispute arose only after USAA bridged the $150,000 gap.

Not surprisingly, Allstate agreed with USAA's position at the hearing, but maintained that USAA had changed its position on priority from the relief sought in its complaint and in its motion for summary judgment. Allstate was happy the parties agreed on priority, but asked the court to deny the summary judgment motion because it had requested relief that was diametrically opposed to the position USAA now took at the hearing:

> [W]hen you rule on a summary judgment motion and you enter a judgment, it's based on the pleadings and the motions as filed. . . . So, in light of that fact, there is no question that what they're asking for in their declaration, the priority of coverage finding that they're asking in their pleading and their motion, they're not entitled to. So, I also have a proposed order that I can hand to the Court.

Both parties submitted their proposed orders. The court later entered an order granting USAA's summary judgment motion, making the following findings on the priority of insurance coverage:

1) State Farm  -  $00.00 to $100,000.00
2) USAA        -  $100,000.01 to $249,999.99
3) Allstate    -  $250,000 to $1,250,000.00
4) USAA        -  Remainder Policy UM

From this summary judgment, Allstate now appeals.

We have de novo review. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

3

Allstate argues the trial court erred in granting summary judgment for USAA, thereby effectively making USAA the prevailing party, when the judgment was adverse to USAA's allegations and its motion for summary judgment. USAA had requested a declaration that Allstate's umbrella policy stood in line before USAA's UM policy, but the court determined that USAA's policy stood in line before Allstate's policy. It could not therefore be the prevailing party.

USAA responds that the significant issue here was the priority of the insurance policies. USAA claims it requested a generic priority determination and prevailed on the issue when it received a declaration prioritizing the policies. Allstate replies that USAA inaccurately describes the relief it sought. The court's priority determination was exactly the opposite of that which USAA sought.

The issue is whether a party can claim victory when it receives exactly the opposite relief than it requested. The answer is no. *See, e.g.*, *Village of Kings Creek Condo. Ass'n v. Goldberg*, 596 So. 2d 1195, 1196 (Fla. 3d DCA 1992).

Throughout the third-party litigation, USAA asserted that Allstate's umbrella policy came first after the State Farm policy, and USAA's UM policy came after Allstate. Not once in its pleadings or motion did USAA argue it was responsible for covering the $150,000 gap in coverage between the State Farm and Allstate umbrella policy. *See VonDrasek v. City of St. Petersburg*, 777 So. 2d 989, 991 (Fla. 2d DCA 2000) ("Pleadings are intended, in part, to disclose each party's respective position on the legal issues involved in the lawsuit."). The court did not grant USAA the relief it requested; USAA could not be the prevailing party. *Granoff v. Seidle*, 915 So. 2d 674, 677 (Fla. 5th DCA 2005).

Because USAA did not meet its burden of proving it was entitled to the relief requested as a matter of law, the trial court erred in entering summary judgment for USAA. *See* Fla. R. Civ. P. 1.510(c); *see also Bryson v. Branch Banking & Trust Co.*, 75 So. 3d 783, 785 (Fla. 2d DCA 2011). We therefore reverse the summary judgment and remand the case for proceedings consistent with this opinion.

*Reversed and Remanded.*

KLINGENSMITH, J., and ROBY, WILLIAM L., Associate Judge, concur.

*     *     *

4

*Not final until disposition of timely filed motion for rehearing.*