IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HOUGH ROOFING, INC.,

      Appellant/Cross-Appellee,

 v.

DON FACCIOBENE, INC.
AND DIGIACINTO HOLDINGS, LLC,

      Appellees/Cross-Appellants.

Case No. 5D15-2878

_____/

Opinion filed July 21, 2017

Appeal from the Circuit Court
for Brevard County,
Charles M. Holcomb, Judge.

Ruth C. Rhodes, of Rhodes Law, P.A.,
Melbourne, for Appellant/Cross-Appellee.

Allan P. Whitehead, of Frese, Hansen,
Anderson, Anderson, Heuston &
Whitehead, P.A., Melbourne, for
Appellee/Cross-Appellant Don Facciobene,
Inc.

No Appearance for Digiacinto Holdings,
LLC.

BERGER, J.

      Hough Roofing, Inc. (HRI), a licensed subcontractor, appeals and Don

Facciobene, Inc. (DFI), a licensed general contractor, cross-appeals the trial court's order

denying their respective motions for attorney's fees after a non-jury trial on HRI's breach

of contract claim against DFI and DFI's counterclaim against HRI. Because HRI was the prevailing party on significant issues below, we reverse the order denying its request for attorney's fees. As to DFI's cross-appeal, we affirm.

The underlying case involved a breach of contract claim filed by HRI against DFI for DFI's failure to pay HRI for roofing work it was subcontracted to perform and, in fact, completed, as well as a counter-claim filed by DFI against HRI for work performed to repair a leak in the roof due to faulty installation by HRI. The trial court denied both parties' motions for attorney's fees finding that the subcontract's attorney's fees provision cannot apply retroactively before the subcontract was executed and that when applied prospectively neither party prevailed on significant issues. This was error.[1]

Although there may be circumstances where neither party is the prevailing party, that is not the case here. See Trytek v. Gale Indus., Inc., 3 So. 3d 1194, 1201 (Fla. 2009) (quoting Prosperi v. Code, Inc., 626 So. 2d 1360, 1362 (Fla. 1993)); Hutchinson v. Hutchinson, 687 So. 2d 912, 913 (Fla. 4th DCA 1997) (citing Lucite Ctr., Inc. v. Mercede, 606 So. 2d 492 (Fla. 4th DCA 1992)) (finding that in a breach of contract action one party must prevail in the absence of compelling circumstances).

At trial, HRI was the prevailing party based on the trial court's finding that DFI breached the implied covenant of good faith and fair dealing and because HRI was entitled to recover damages when it had been paid nothing by DFI before that point. While DFI prevailed on its counterclaim, the $180 it was awarded was only a small fraction of

---

[1] In a separate appeal regarding the same subcontract and parties, we concluded that the subcontract applied retroactively. Don Facciobene, Inc. v. Hough Roofing, Inc., No. 5D15-1527 (Fla. 5th DCA July 21, 2017). Based on that holding, the trial court abused its discretion in determining that neither party prevailed under the attorney's fees clause.

its $7378.80 request, and it was not substantial enough to override the outcome on HRI's complaint. See id. (quoting Prosperi, 626 So. 2d at 1362); Scutti v. Daniel E. Adache & Assocs Architects, P.A., 515 So. 2d 1023, 1024 (Fla. 4th DCA 1987); Kirou v. Oceanside Plaza Condo. Ass'n, 425 So. 2d 650, 651 (Fla. 3d DCA 1983).

Accordingly, we reverse the order denying HRI's motion for attorney's fees and remand for the trial court to determine the amount. In all other respects, we affirm.

AFFIRMED, in part, REVERSED, in part, and REMANDED.

WALLIS and LAMBERT, JJ., concur.

3