[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14497
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-20163-DPG

MARTINAIR HOLLAND, N.V.,
a Foreign corporation,

Plaintiff-Appellant,

versus

BENIHANA, INC.,
a Delaware corporation,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 18, 2020)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Litigants generally pay their own way in our legal system.  Yet some contract around this rule with a prevailing-party provision.  These provisions shift the cost of litigation onto the loser in a given dispute.  The question here is whether the district court properly awarded fees under a prevailing-party provision when it at first failed to analyze the appellant's motion for leave to amend its complaint but later granted that motion on remand.  Because the district court could not have conducted a sufficient prevailing-party analysis while the issues and claims in the case remained in flux, we vacate the court's award of fees and remand for it to reconduct its analysis given its ruling on the appellant's motion for leave to amend.

**I.**

The appellant Martinair Holland, N.V. is a commercial sublessor.  For some time, it subleased commercial space to the appellee Benihana, Inc.  Citing an early termination provision, Benihana ended the sublease before the sublease's expiration date and vacated the property.

Martinair challenged Benihana's departure; it claimed that Benihana breached the sublease by terminating too soon.  To recoup its losses, Martinair filed a one-count complaint against Benihana, demanding lost rent payments.  The district court dismissed the complaint, holding that Benihana had a right to terminate the sublease early under the early termination provision.

2

Martinair filed a motion for reconsideration.  It also incorporated into the motion a separate request to amend its complaint to add another claim: That Benihana, if it properly terminated the sublease, still owed Martinair a termination fee.[1]  The court denied Martinair's motion for reconsideration.  It did not, however, address Martinair's motion for leave to amend.  Martinair then appealed (the merits appeal).

While the merits appeal was pending, the district court awarded attorney's fees to Benihana under the sublease's prevailing-party provision.  Martinair appealed again (the fee appeal).  And we stayed briefing in the fee appeal pending our decision on the merits.

Back in the merits appeal, we affirmed the district court's dismissal, agreeing that Benihana had a right to terminate the sublease early.  *See Martinair Holland, N.V. v. Benihana, Inc.*, 780 F. App'x 772 (11th Cir. 2019).  Recognizing, though, that the district court did not address Martinair's motion for leave to amend, we remanded so the court could consider whether to let Martinair amend its complaint and add its new claim.  On remand, the district court granted Martinair's motion.[2]

---

[1] Martinair split this claim into two counts: one for breach of contract, one for unjust enrichment. But both counts flow from Benihana's alleged failure to pay a termination fee.

[2] Though the court granted leave to amend after Martinair filed this appeal, we may take judicial notice of the amended complaint—not for its merit, but to establish its existence—because the amended complaint is "capable of accurate and ready determination by resort to sources whose

3

Our merits decision jumpstarted briefing in the fee appeal.  Martinair now argues that the district court erred in prematurely naming Benihana as the prevailing party, given that the court initially failed to address Martinair's motion for leave to amend but later granted Martinair's motion on remand.  As no one disputes, the district court never considered this argument, because the argument did not exist until we held that the district court abused its discretion in failing to consider Martinair's motion for leave to amend.[3]  The question for us, then, is whether the district court, given its failure to address Martinair's motion, should reanalyze the prevailing-party issue in light of its ruling on remand.  We hold that it should.

## II.

We review de novo a district court's interpretation of a contract's prevailing-party provision.  *Frankenmuth Mut. Ins. Co. v. Escambia Cnty.*, 289 F.3d 723, 728 (11th Cir. 2002).  When reviewing the decision of a district court that exercised diversity jurisdiction in Florida, we apply the choice-of-law rules of Florida as the forum state.  *See Clanton v. Inter.Net Glob., L.L.C.*, 435 F.3d 1319, 1323 (11th Cir.

---

accuracy cannot reasonably be questioned." *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *see also United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

[3] For this reason, we cannot say that Martinair failed to preserve this argument for appeal. Though the district court did not address Martinair's motion for leave to amend, it did deny all relief sought in Martinair's motion for reconsideration.  So it is understandable that Martinair did not argue in the district court that its motion for leave to amend prevented the court from deciding the prevailing-party issue.  As far as the record showed, there was no pending motion for leave to amend.

4

2006).  Florida enforces a contract's choice-of-law provision unless strong public policy considerations counsel otherwise.  *See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000).  Because the sublease has a Florida choice-of-law provision, and because neither party challenges the choice-of-law provision, Florida law governs our analysis of the prevailing-party issue.

Under Florida law, the prevailing party is "the party prevailing on the significant issues in the litigation."  *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992).  A court usually must make this determination once the litigation ends, as that is when the significant issues in the case tend to crystalize.  *See Shaw v. Schlusemeyer*, 683 So. 2d 1187, 1188 (Fla. 5th DCA 1996).  In a contract action, there is typically just one prevailing party.  *See Sabina v. Dahlia Corp.*, 678 So. 2d 822, 822 (Fla. 2d DCA 1996).  But that's not always so.  *See Avatar Dev. Corp. v. DePani Const., Inc.*, 883 So. 2d 344, 346 (Fla. 4th DCA 2004) (awarding fees to different prevailing parties in a contract action).  Indeed, Florida law permits more than one prevailing party in a lawsuit where each of the claims that support an attorney's fees award is separate and distinct.  *See Leon F. Cohn, M.D., P.A. v. Visual Health and Surgical Ctr., Inc.*, 125 So. 3d 860, 863 (Fla. 4th DCA 2013) (per curiam).  Multiple claims within a lawsuit are separate and distinct if they can

5

support an independent action and are not simply alternative theories of liability for the same wrong. *See id.*

The facts here convince us that the district court prematurely decided that Benihana was the prevailing party. Deciding who is a prevailing party under Florida law is a holistic inquiry. A court must consider who prevailed on the significant issues in the litigation. *See Moritz*, 604 So. 2d at 810. It must also consider whether the claims are so distinct that there may be multiple prevailing parties. *See Leon F. Cohn*, 125 So. 3d at 863. This analysis typically comes at the close of the litigation. *See Schlusemeyer*, 683 So. 2d at 1188. And for good reason: A court cannot conduct this inquiry properly if the issues or claims in the case remain in flux. Since the district court failed at first to address Martinair's motion for leave to amend but then later granted that motion on remand, the court could not have engaged in a sufficient analysis of all the issues and claims in the case when it held that Benihana was the prevailing party. Nor is it our role to do so for the first time on appeal. We thus vacate the award granting fees and remand for the district court to conduct the prevailing-party analysis given its ruling on Martinair's motion for leave to amend.

**VACATED** and **REMANDED**.